UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD L. WRIGHT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14CV828 SNLJ (ACL) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Abbie Crites-Leoni, filed August 5, 2015 (#23). Pursuant to 28 U.S.C. § 636, the Court referred this matter to Magistrate Judge Crites-Leoni. In the Report, Magistrate Judge Crites-Leoni recommends that the Court affirm the decision of the Commissioner denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act and for Supplemental Security Income under Title XVI of the Social Security Act and dismiss plaintiff's complaint. The parties were given fourteen days to file written objections. Plaintiff has filed written objections to the Report and Recommendation.

When a party objects to a Magistrate Judge's Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). For his objections, plaintiff renews arguments he made to the Magistrate

Judge in favor of reversing the decision of the Administrative Law Judge ("ALJ"). Plaintiff argues that the Magistrate Judge did not hold the ALJ to the proper legal standard as to his three claims of error. For his first claim of error, he alleges the ALJ erred in assessing plaintiff's credibility by making insufficient findings and failing to follow the applicable cases and regulations. Next, he claims the ALJ erred in determining plaintiff's RFC by improperly analyzing the medical evidence, failing to accord sufficient weight to the treating physicians' opinions, and failing to find additional limitations supported by the record including those indicated by the treating physicians. Finally, he claims the ALJ erred in allowing vocational expert testimony by telephone over his objection and erred in allowing vocational testimony regarding numbers of available jobs because the testimony was vague and lacked sufficient foundation.

In the Report and Recommendation, Magistrate Judge Crites-Leoni thoroughly analyzed plaintiff's claims, now raised as objections, and found them to be without merit. Upon de novo review of the record, the Court concurs in the detailed Report and Recommendation of Magistrate Judge Crites-Leoni. As a result, the Court will overrule plaintiff's objections and affirm the decision of the Commissioner

The only arguable error by the ALJ is as to the issue of the allowance of expert testimony by telephone. The Court notes, however, that plaintiff alleges only error and has not shown, or even alleged, any prejudice. Courts that have held it is reversible error to allow expert testimony by telephone over the objection of the plaintiff have done so based on a finding of proven prejudice and, in some cases, a finding that face-to-face confrontation is essential to due process fairness. *See e.g. Brown v. Commissioner,*

*Social Security Administration*, 6:12CV804, 2014 WL 1233126, at *7-9 (Mar. 24, 2014); *Hannah v. Colvin*, 8:13CV1082-T-24, 2014 WL 2861487, at *4-7 (June 24, 2014); *Koutrakos v. Astrue*, 906 F.Supp.2d 30, 36-42 (D.Conn. 2012).  Other courts have found the allowance of expert testimony by telephone to be harmless error.  *See e.g. Johnson v. Colvin*, 13-CV-6319-CJS, 2014 WL 1394365, at *4 (Apr. 9, 2014); *Lippincott v. Commissioner of Social Security*, 982 F.Supp.2d 358, 380-81 (D.N.J. 2013); *Green v. Astrue*, CIV.A. 11-11711-PBS, 2013 WL 636962, at *11 (D.Mass Feb. 20, 2013).  Here, there has been no pleading or showing of any prejudice.  Further, in *Hepp v. Astrue*, 511 F.3d 798, 805-06 (2008), the Eighth Circuit held that due process does not require an in-person cross-examination in social security disability hearings.  As such, even if the ALJ erred, this error would be harmless.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's objections to United States Magistrate Judge Crites-Leoni's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge Abbie Crites-Leoni (#23) is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that the decision of the Commissioner denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act and Supplemental Security Income under Title XVI of the Social Security Act is **AFFIRMED**, and plaintiff's complaint is **DISMISSED** with prejudice.

A separate Judgment will accompany this Memorandum and Order.

Dated this 3rd day of September, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE